UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IRVIN L. GREENE,

                Plaintiff,

   v.

DEPARTMENT OF CORRECTIONS RECORD DEPARTMENT, PIERCE COUNTY CORRECTIONS BUREAU, COYOTE RIDGE CORRECTIONS CENTER, WASHINGTON CORRECTION CENTER, PIERCE COUNTY JAIL, BRENT McFARLANE, CASEY HORN, CAREY BELSHAW, COYOTE RIDGE RECORDS DEPARTMENT, and COYOTE RIDGE CORRECTIONS GRIEVANCE PROGRAM,

                Defendants.

No. C12-5276 RBL/KLS

ORDER TO AMEND OR SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Before the Court for review is Plaintiff's proposed civil rights complaint. ECF No. 1-1. Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is pending. The Court has reviewed the proposed complaint and finds that Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983. Plaintiff is advised as follows:

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

ORDER TO AMEND OR SHOW CAUSE- 1

employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory

ORDER TO AMEND OR SHOW CAUSE- 2

responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

In his complaint, Plaintiff purports to sue the Department of Corrections Record Department, Pierce County Corrections Bureau, Coyote Ridge Correction Center, Washington Correction Center, Pierce County Jail, Brent McFarlane, Casey Horn, Carey Belshaw, Coyote Ridge Records Department, and the Coyote Ridge Corrections Grievance Program because he claims that an error is being made in his release date. He states that he was given 395 days credit for time served, but the records department is erroneously claiming that he lost 120 days time for rules violations while he was housed in the Pierce County Jail. ECF No. 1-1, at 3. He claims that his release date should be in July or August and not November 2013. He has written letters to the various records departments that have gone unanswered and a motion filed in the Pierce County Superior Court in December 2011 has not yet been answered. *Id.* He also states that an appeal of his conviction is pending in the Washington Court of Appeals Division II (Case No. 10-1-023145). *Id.*, at 4. Plaintiff requests that this Court "remand" his case back to Pierce County Superior Court. *Id.*

Plaintiff alleges that he is being kept in prison by the DOC for longer than his sentence. A writ for habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997). This is true even though a section 1983 claim is based on "the alleged unconstitutionality of state administrative action." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The Supreme Court has made applicable its holding in *Heck* to the loss of good time credits. *Edwards v. Balistok*, 520 U.S.

ORDER TO AMEND OR SHOW CAUSE- 3

641, 643, 646 (1997) (*quoting Heck*, 512 U.S. at 487) (finding challenge to validity of procedures used to deprive prisoner of his good-time credits not cognizable under § 1983, because it necessarily implied invalidity of deprivation of his good-time credits); *see also Muhammad v. Close*, 540 U.S. 749, 751 (2004) (noting *Heck* applies in circumstances where administrative action taken against prisoner could affect credits toward release based on good time served). Thus, it is only in those cases where a prisoner's challenge to, for example, the loss of good time credits "threatens no consequence for his conviction or the duration of his sentence," that the requirements of *Heck* do not apply. *Muhammad*, 540 U.S. at 751.

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*, at 134. If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

As noted above, Plaintiff alleges that he is being kept in prison by the DOC for longer than his sentence. He claims that he has appealed his conviction and that it is currently pending before the Washington Court of Appeals. However, his conviction or sentence has not been

ORDER TO AMEND OR SHOW CAUSE- 4

invalidated by either court or executive order. Therefore, any judgment in his favor in this case would necessary imply the invalidity of his sentence, as the logical consequence of such a judgment would be an earlier release from prison. Accordingly, Plaintiff's claim must first be considered in a state petition for habeas corpus and the claim must be appealed through all levels of the state appellate courts before it can be brought in the federal district court for review.

In addition, Plaintiff names various individuals (Brent McFarlane, Casey Horn, Carey Belsaw), but he has alleged no facts to show that these individuals caused or personally participated in causing him any constitutional harm. Plaintiff also names several state agencies, such as the Department of Corrections Record Department, Coyote Ridge Correction Center, Washington Correction Center, Coyote Ridge Records Department, and Coyote Ridge Corrections Grievance Program. However, state agencies are immune from liability. The Eleventh Amendment reads in relevant part:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend XI. Under the Eleventh Amendment, therefore, a state is not subject to suit by its own citizens in federal court. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). A state agency, as an arm of the state, is immune from suit in federal court under the Eleventh Amendment as well. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). An entity that has Eleventh Amendment immunity, furthermore, is not a "person" within the meaning of 42 U.S.C. § 1983. *Howlett*, 496 U.S. at 365. As a state agency, the DOC is immune from liability here.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause

ORDER TO AMEND OR SHOW CAUSE- 5

explaining why this matter should not be dismissed no later than **May 4, 2012.** In the meantime, the Court will hold Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) in abeyance so that Plaintiff will not incur the $350.00 filing fee debt. If Plaintiff chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. § 1983, his amended complaint shall consist of a short and plain statement showing that he is entitled to relief, and he must allege with specificity the following:

1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

2) the dates on which the conduct of each defendant allegedly took place; and

3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must include the same case number as this case. Additionally, Plaintiff must submit a copy of the "Amended Complaint" for service on each named Defendant.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **May 4, 2012**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three

or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

**DATED** this  10th  day of April, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 7